```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
In re:                                              :
                                                    :
AFFIRMATIVE EQUITIES                                :    Chapter 7
COMPANY L.P., et al.,                               :    Case No. 08-14814 (SMB)
                                                    :    (Jointly Administered)
                    Debtors.                        :
----------------------------------------------------X
```

## MEMORANDUM DECISION OVERRULING
## OBJECTION TO TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

**A P P E A R A N C E S:**

FOX ROTHSCHILD LLP
*Attorneys for the Trustee*
100 Park Avenue
Suite 1500
New York, NY 10017

    Yann Geron, Esq.
    Kathleen Aiello, Esq.
        Of Counsel

CASANDRA L. PINSON, *pro se*
7242 Vecino Dr.
Dallas, TX 75241

LORETTA REED, *pro se*
510 Amber Lane
DeSoto, TX 75115

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

    The matter comes before the Court on the objection by Casandra Pinson and Loretta Reed (collectively, the "Objectors") to the Final Report of the chapter 7 trustee and the applications for compensation of the trustee and his professionals.[1] The estates are administratively insolvent,

---

[1] The objection was asserted on behalf of the SBC Retirees Group which the Objectors purport to represent. They have not stated that they are attorneys, and can only represent their own interests.

and consequently the trustee proposes to satisfy secured claims and make *pro rata* distributions to chapter 7 administrative creditors, primarily the trustee and his professionals. The Objectors contend that the trustee should make some payments to them. However, the Court previously disallowed and expunged the Objectors claims. Furthermore, even if the Court had not already expunged their claims, it is clear that they lack allowable secured or unsecured claims against the Debtors. Accordingly, the objection is overruled, and the applications are granted.

## BACKGROUND

The Debtors in these cases, Affirmative Equities Company, L.P., Affirmative Equities, Inc., Patrick Henry Hotel Associates, L.P. and Patrick Henry Hotel Investment Associates (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of the Bankruptcy Code on December 2, 2008. The Debtors operated real estate investment and development companies that directly and indirectly acquired, developed and managed real estate assets. Their president, Andrew Jubelt, also managed non-debtor entities. (*Trustee's Report on His Investigation into (i) the Financial Activities of Debtors and Other Related Parties, and (ii) Certain Actions Taken by Trustee in Response to His Findings* ("*March Report*"), dated Mar. 27, 2014, at 3 (ECF Doc. # 172).

On the United States Trustee's motion, the Court converted the cases to chapter 7. (*Order Converting Chapter 11 Cases to Cases under Chapter 7*, dated Feb. 10, 2009 (ECF Doc. # 60).) The United States Trustee appointed Yann Geron, Esq. (the "Trustee") as interim trustee, and he subsequently became the permanent trustee by operation of law. *See* 11 U.S.C. § 702(d). The Trustee retained Fox Rothschild LLP as his counsel, (*Order Authorizing Employment and Retention of Fox Rothschild LLP as Counsel to Yann Geron, Chapter 7 Trustee*, dated Feb. 19, 2009 (ECF Doc. #71), and CBIZ Accounting, Tax & Advisory of New York, LLC as his

accountants. (*Order Authorizing Employment and Retention of CBIZ Accounting, Tax & Advisory of New York, LLC, as Accountants to the Chapter 7 Trustee*, dated Feb. 19, 2009 (ECF Doc. #70).)

In December 2013, the Trustee sought approval of an omnibus claim objection procedure. (*Trustee*'s *Application for an Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rule 3007, Authorizing Trustee to Join Objections to Certain Disputed Claims in One or More Omnibus Objection to Claim* ("Claim Objection Procedure Motion"), dated Dec. 10, 2013 (ECF Doc. # 163); *Notice of Presentment of Trustee's Motion for an Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rule 3007, Authorizing Trustee to Join Objections to Certain Disputed Claims in One or More Omnibus Objection to Claim*, dated Dec. 10, 2013 (ECF Doc. # 164).) Perceiving that the Trustee was seeking to expunge their claims, the Objectors filed an objection, (*Objection to Trustee*'s *Application for an Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rule 3007, Authorizing Trustee to Join Objections to Certain Disputed Claims in One or More Omnibus Objection to Claim*, dated December 20, 2013 (ECF Doc. # 165), alleging that their notes were secured by a lien on all assets of the Debtors and further alleging that Jubelt had pledged full payment of the notes in 2007, citing the imminent sale of certain investment properties. (*Id.* at 2.) The Court granted the Trustee's application over the objection. (*Order Authorizing Omnibus Claim Objection Procedure*, dated Dec. 30, 2013 (ECF Doc. # 167).)

The Objectors then submitted a letter to the Court requesting reconsideration of the order. (*See So Ordered Memorandum*, dated Jan. 8, 2014 (ECF Doc. # 168).) They once again asserted that they held secured claims against the Debtors, (*id.* at 1), and attached a copy of a notice of solicitation from the "Affordable Equities Company, Inc.," as managing member of "Affirmative

3

Equities Affordable Housing Fund I, LLC" (referred to in the notice as the "Company"), for consent to extend the maturity date of promissory notes issued by the fund. Neither entity was a debtor in these cases. The notice stated that the notes were secured by a lien on all personal property of the Company, primarily consisting of "subordinated net profits interests" in certain properties, an equity interest in an entity that owns record title in a property, and a note from an entity that owns record title to a property. (*Id.*, Ex. 1 at 2, 6.) The notice also stated that UCC-1 financing statements had not been filed, but that the Company would work to perfect such security interests. (*Id.*) The Court denied the motion for reconsideration on the ground that the Trustee's motion to establish an omnibus claims objection procedure did not seek to expunge any claims, and Objectors would have an opportunity to respond to the Trustee's claim objection if and when he asserted it. (*Id.* at 1.)

The Trustee conducted an investigation and filed a report detailing his findings. (*March Report* at 1.) He noted that a "significant majority" of the individuals who had filed claims in these cases were not direct creditors of the Debtors. Instead, they had invested in the Affordable Housing Funds [2] and other non-debtor entities (collectively, the "Funds") on the promise of 9-12% annual returns. (*Id.* at 1.) Although the Funds owned assets at some point, the Trustee asserted that they were now devoid of assets and had significant liabilities. Hence, he determined that it was not in the best interest of the estates to bring the Funds into the bankruptcy proceedings. (*Id.* at 2.)

---

[2] Although the Trustee calls these funds the "Affordable Housing Funds," it appears that he is referring to the Affirmative Equities Affordable Housing Fund I and Affirmative Equities Affordable Housing Fund II. This is clear in Exhibit 1 to the *Trustee's First Omnibus Objection to the Allowance of Claims* ("*Omnibus Objection*"), dated Mar. 28, 2014 (ECF Doc. # 173)), in which the Trustee objects to claims held by creditors of the Affirmative Equities Affordable Housing Funds.

The Trustee concluded that those who had invested in the Funds (the "Fund Investors") did not hold claims against the Debtors' estates and could not be paid from the Debtors' estates. He had nonetheless considered setting aside a portion of the estates for payment to the Fund investors. However, the "current estate economics" did not allow for any distribution even to direct creditors of the Debtors, and preferring the Fund Investors would be "highly problematic." In addition, the Fund Investors asserted claims exceeding $300 million, and any distribution would be nominal. (*Id*. at 11.)

The Trustee simultaneously filed an omnibus objection, *inter alia*, to the claims filed by the Fund Investors. (*Trustee's First Omnibus Objection to the Allowance of Claims* ("*Omnibus Objection*"), dated Mar. 28, 2014 (ECF Doc. # 173).) He asserted that the claims were based on unsecured promissory notes and that there was no evidence that any of the claims were actually secured. Indeed, the Objectors cited the Company's own admission at the time of solicitation that financing statements had never been filed. Consistent with the findings in the *March Report*, the Trustee also contended that these claims were not properly asserted against the Debtors because they were liabilities of non-debtor entities, to wit, the Funds. (*Id.* at ¶ 11.)

The Objectors did not file a response, but the Trustee nevertheless re-filed their objection to the *Claim Objection Procedure Motion* as a response to the *Omnibus Objection*. (*Loretta Reed and Casandra Pinson's Response to the Trustee's First Omnibus Objection to the Allowance of Claims* ("*Response to the Omnibus Objection*"), filed Apr. 28, 2014 (ECF Doc. # 180).) Following a hearing on the *Omnibus Objection* on April 29, 2014, the Court sustained the Trustee's objections and entered an order disallowing and expunging the Fund Investors' claims. That order was never appealed and is final.

5

Having completed his duties, the Trustee filed a Final Report and applications for compensation and reimbursement of expenses for the Trustee and his professionals. (*Trustee's Final Report and Proposed Distribution and Application for Compensation, and Application for Compensation of Professionals*, dated Jan. 15, 2015 (ECF Doc. # 190).) The Final Report disclosed that the estate was administratively insolvent, (*id.* at 2 n.2.), and proposed no distribution to allowed general unsecured claims. (*Id.* at 68.) The only claims that the Trustee proposed to pay were the secured claim of the New York State Department of Taxation and Finance, (*id.* at 58), and the chapter 7 administrative expenses on a *pro rata* basis from the remaining balance in the estates. (*Id.* at 59.)

The Objectors filed an objection to the Final Report and fee applications. (*Response to Trustee's Final Report*, dated Feb. 2, 2015 (ECF Doc. # 193).) They contended that they should receive some payment on their claims. The Objectors also alleged that a UCC-1 financing statement had been filed, (*id.* at 1), but offered no evidence to controvert the statement in the *March Report* (as well as the Company's solicitation) that no financing statements had been filed. In addition, the Trustee reiterated at the hearing that no financing statement had ever been filed.

### DISCUSSION

Despite the personal hardship undoubtedly suffered by the Objectors, the Court must overrule their objections and will approve the Trustee's Final Report and the fee applications. First, the claims filed by Objectors were disallowed and expunged by final order of the Court. Hence, the Objectors do not hold allowed claims that are entitled to payment from the estates' assets. Second, even if the Court reconsidered the order expunging their claims, the Objectors hold claims against non-debtors and not against the Debtors. Third, the Objectors are not secured creditors of the estates. The evidence demonstrated that UCC-1 financing statements

6

were never filed. The Trustee's status as a hypothetical lien creditor, *see* 11 U.S.C. § 544(a)(1), would cut off any unperfected security interests.

Fourth, if the Objectors hold allowed unsecured claims, there is no money to pay them. The Bankruptcy Code dictates the order of distribution of estate assets. The holders of allowed administrative claims for professional fees and expenses have priority under 11 U.S.C. § 507(a)(2), and must be paid before unsecured creditors. *See* 11 U.S.C. § 726(a)(1), (2). Although equity may dictate a different result, the Court cannot ignore the unambiguous language of the Bankruptcy Code. *Law v. Siegel*, 134 S.Ct. 1188, 1194 (2014). The applicants have demonstrated their entitlement to compensation and reimbursement of expenses under 11 U.S.C. §§ 326(a) and 330(a). Accordingly, and despite the equity that the Objectors may merit, the Court has no choice but to overrule their objection. Accordingly, the Court approves the Final Report and fee applications and authorizes their payment to the extent that funds are available.

Submit order.

Dated: New York, New York
       March 6, 2015

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge